UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY ANAYA, | ) | CASE NO. 3:11CV779 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KEITH SMITH, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Kathleen B. Burke recommending denial of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 8.)[1] Petitioner Danny Anaya ("petitioner" or "Anaya") filed objections. (Doc. No. 9.) Respondent filed neither his own objections nor any response to petitioner's objections. For the reasons discussed below, the objections are overruled, the R&R is accepted, and the petition for writ of habeas corpus is denied and dismissed.

### DISCUSSION

**A.    Background**[2]

Petitioner Anaya was indicted on one count of aggravated murder relating to the death of his wife, Rhonda, who had filed for divorce. He was evaluated and found competent to stand trial. At his arraignment, Anaya entered pleas of not guilty and not guilty by reason of insanity ("NGRI"). The court granted him one week to file a written NGRI plea; however, after

---

[1] Petitioner Anaya is represented by counsel.

[2] All the factual details relating to the victim's death were reviewed by the Ohio court of appeals in a decision issued on December 10, 2010. (*See* Return of Writ, Doc. No. 6-28 at 2116-21.) These facts are accepted as true by the Court and need not be repeated in full herein.

his counsel was granted leave to withdraw and new counsel were appointed, no NGRI plea was ever filed.

During the jury trial, Anaya testified that he killed his wife but had not planned or intended to kill her. After the close of the evidence, the judge instructed the jury regarding aggravated murder, murder, and voluntary manslaughter. Anaya was found guilty of murder and was sentenced to an indefinite term of fifteen years to life in prison.

Represented by new counsel, Anaya timely appealed[3] and, on April 18, 2008, his single assignment of error was overruled. (Doc. No. 6-14.) He failed to timely appeal to the Ohio Supreme Court, but, on his pro se motion, the court allowed leave to file a delayed appeal.[4] On February 18, 2009, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 6-19.)

In a post-conviction proceeding filed on December 14, 2009, where he was represented by counsel, Anaya asserted that his sentencing entry was void because it had not set forth the basis for conviction as required by Ohio law. (Doc. No. 6-20.) After briefing, the trial court issued a nunc pro tunc order to comply with Ohio Criminal Rule 32(C). (Doc. No. 6-22.)

---

[3] Anaya raised a single assignment of error:

> 1. Danny was denied effective assistance of counsel in violation of his rights guaranteed under Article I, Section 10 of the Ohio Constitution and the Sixth Amendment of the United States Constitution.
>    A. Counsel failed to adequately delineate the case for voluntary manslaughter.
>    B. Counsel failed to find an independent forensic psychiatric expert to determine Danny's competency or sanity at the time of the offense.
>    C. Counsel was ineffective for failing to plead not guilty by reason of insanity.

(Doc. No. 6-12 at 1869.)

[4] Proceeding pro se, Anaya raised a single proposition of law that was identical to the single three-part assignment of error he had raised on direct appeal. (*See* Doc. No. 6-17.)

Anaya, through counsel, then filed another direct appeal.[5] Although the State challenged his right to a second appeal, the court of appeals considered the appeal on the merits and, on December 10, 2010, overruled all the assignments of error and affirmed the trial court. (Doc. No. 6-28.)

Anaya, through counsel, filed a timely appeal to the Ohio Supreme Court.[6] On March 16, 2011, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 6-32.)

While this second appeal was pending in the state courts, on April 13, 2010, Anaya, through counsel, filed a petition for writ of habeas corpus in this court, where it was

---

[5] Anaya raised six assignments of error:

> I. Mr. Anaya was denied his right under the Ohio Constitution and under the United States Constitution to effective assistance of counsel, in that counsel failed to adequately present to the jury the case for voluntary manslaughter.
>
> II. Mr. Anaya was denied his right under the Ohio Constitution and under the United States Constitution to effective assistance of counsel, in that counsel failed to find an independent forensic psychiatric expert to determine Danny's competency or sanity at the time of the offense.
>
> III. Mr. Anaya was denied his right under the Ohio Constitution and under the United States Constitution to effective assistance of counsel, in that counsel refused to enter a written plea of not guilty by reason of insanity as demanded by Mr. Anaya.
>
> IV. Mr. Anaya was denied his right under the Ohio Constitution and under the United States Constitution to effective assistance of counsel, in that counsel failed to handle the self-defense affirmative defense in a reasonable manner, failed to properly investigate the DNA evidence, failed to request 16(B)(l)(g) discovery, and allowed a misleading instruction to the jury as to voluntary manslaughter.
>
> V. The trial court erred in its jury instruction as to voluntary manslaughter, by implying that the conviction must be for murder if the *mens rea* was purposeful and that the inferior degree murder offense of voluntary manslaughter applied only if the *mens rea* was knowingly [sic] and not purposeful.
>
> VI. Mr. Anaya was denied his right under the Ohio Constitution and under the United States Constitution to counsel of his choice, in that the trial court allowed the State of Ohio to unlawfully and without due process freeze the assets of Mr. Anaya, such that he could not retain counsel of his choice.

(Doc. No. 6-25.)

[6] Anaya raised as propositions of the law the same six issues he had raised as assignments of error in his second appeal. (Doc. No. 6-30.)

assigned to Judge Dan Aaron Polster. On April 21, 2011, Anaya filed an unopposed motion to voluntarily dismiss the petition, and the motion was granted on April 27, 2011. (Doc. No. 6-36.)

On April 21, 2011, the same day he had filed his motion to dismiss his first petition, Anaya, through counsel, filed the instant petition, which was assigned to the undersigned judge. In this petition, he raises the following grounds for relief:

> **GROUND ONE**: Mr. Anaya was denied his right under the United States Constitution to Effective Assistance of Counsel.
>
> **Supporting Facts**: Counsel failed to adequately present to the jury the case for voluntary manslaughter. Counsel failed to find an independent forensic psychiatric expert to determine Danny's competency or sanity at the time of the offense. Counsel refused to enter a written plea of not guilty by reason of insanity as demanded by Mr. Anaya. Counsel failed to handle the self-defense affirmative defense in a reasonable manner, failed to properly investigate the DNA evidence, failed to request 16(B)(1)(g) discovery, and allowed a misleading instruction to the jury as to voluntary manslaughter.
>
> **GROUND TWO**: The Trial Court erred in its jury instruction as to voluntary manslaughter, by implying that the conviction must be for murder if the mens rea was purposeful and that the inferior degree murder offense of voluntary manslaughter applied only if the mens rea was knowingly [sic] and not purposeful.
>
> **Supporting Facts**: The Trial Court erred in its jury instruction as to voluntary manslaughter, by implying that the conviction must be for murder if the mens rea was purposeful and that the inferior degree murder offense of voluntary manslaughter applied only if the mens rea was knowingly and not purposeful.
>
> **GROUND THREE**: Mr. Anaya was denied his right under the Ohio Constitution and under the United States Constitution to Counsel of his choice, in that the Trial Court allowed the State of Ohio to unlawfully and without due process freeze the assets of Mr. Anaya, such that he could not retain counsel of his choice.
>
> **Supporting Facts**: Law enforcement seized $1775 in cash & gold rings during the search, which could have been used by Anaya to retain counsel of his choice. These items were of no evidentiary value; of 131 exhibits introduced at trial, none of these items were introduced as evidence. Anaya filed a Defendant's Motion to Release Certain Exhibits Being Held as Evidence, seeking release of this property, arguing that "the items requested have no evidentiary value to the State of Ohio." The Trial Court denied this request for no reason. No finding of

probable cause to believe that this evidence was subject to forfeiture, let alone had any evidentiary value, was provided. This is a simple grabbing by the government of $1775.10 in case, and three gold rings as assets, for no reason. This resulted in creating indigency and in depriving Anaya of counsel of his choice.

(Doc. No. 1.)

**B.     Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In conducting its de novo review in a habeas context, this Court must be mindful of AEDPA, which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

5

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C.     The R&R and the "Objections"**

At 8:08 AM on February 6, 2013, in a thoroughly-written and well-reasoned 36-page R&R (Doc. No. 8) the magistrate judge concluded that the second ground for relief is procedurally defaulted and that grounds one and three must be rejected on the merits.

Four hours later, at 12:21 PM on February 6, 2013, petitioner, through counsel, filed "objections." (Doc. No. 9.) With the exception of the argument for ground two, which contains some limited original material relating to the concept of procedural default,[7] the remainder of the arguments set forth in the objections are verbatim to those made in the traverse. (Doc. No. 7.)

For ground one, petitioner asserts:

Magistrate Judge Burke recommends that Ground One be denied.

As to Mr. Anaya's claim that counsel was ineffective in presenting the case for voluntary manslaughter to the jury, Magistrate Judge Burke deemed the State appellate assessment of trial counsel's performance to not be objectively unreasonable, such that deference was due the State decision, a very deferential view that suggests discomfort with the conclusions but insufficient discomfort to suggest habeas relief. As to Anaya's second issue--failure to retain an independent psychiatric expert--Magistrate Judge Burke deems that decision a "reasonable strategic choice." As to the third issue of failing to file an NGRI plea, Magistrate Judge Burke viewed this as a strategic choice and as such concluded that the decision was reasonable, or at least not unreasonable. As to the fourth issue raised by Anaya, namely failure to handle the affirmative defense of self-defense reasonably, Magistrate Judge Burke found the State assessment reasonable. As to

---

[7] The R&R concluded that ground two was procedurally defaulted because Anaya had not contemporaneously objected to the jury instruction on voluntary manslaughter (a state procedural rule), causing the state court of appeals to review his challenge to the instruction only for plain error. The R&R correctly noted that the Sixth Circuit has repeatedly held that a plain error review "constitutes enforcement of Ohio's contemporaneous objection rule." (Doc. No. 8 at 3502, quoting *Williams v. Bagley*, 380 F.3d 932, 968-69 (6th Cir. 2004).) By way of objection, Anaya argues that, although the state court "mention[ed] a 'plain error' analysis . . ." (Doc. No. 9 at 3527), it "did not ever address the 'plain error' question[ ]" but, instead, "simply addressed the claimed error itself . . . ." (*Id*. at 3528.) Anaya asks this Court to deem ground two not procedurally defaulted and to address the merits of the claim as set forth in his traverse. (*See* Doc. No. 7.) Even if this Court were to conclude that ground two is not procedurally defaulted, which it does not (for the reasons ably set forth in the R&R), the arguments in the traverse are based entirely on state law, without reference to any constitutional violation. Even the arguments made by Anaya before the Ohio Court of Appeals were not based on any federal constitutional claim. (*See* Doc. No. 6, beginning at 2049.)

>   Anaya's claim that the DNA evidence was not properly investigated, Magistrate Judge Burke considered that the performance might have been poor but noted that the additional evidence would have been cumulative and hence the performance issues might have not been prejudicial. As to the issue of the failure to request additional discovery, Magistrate Burke disagrees with Anaya's proposed analysis. As to the issue of the misleading jury instructions being enabled by trial counsel, Magistrate Burke ultimately decided that there was no error because of the State court decision that there was no error as a matter of State law, even if not precisely stated as such.
>
>   Mr. Anaya, in short form, disagrees with the analysis. A habeas petition asking a *Strickland* question necessarily invokes subjective interpretation, and this analysis is contextual. No legal issues are disputed in most cases of this type. Rather, simple disagreement as to the conclusions to be reached, namely whether defense counsel was off his game "enough" and whether the mess of a trial actually impacted the jury.
>
>   Admittedly, every defense attorney (and every prosecutor) could probably find countless "errors" in every trial; the question is thus whether there were enough errors to have constitutional significance and the severity of the errors. Admittedly, as well, every decision by defense counsel and by a prosecutor has an impact on a jury but a jury ultimat6ely [sic] considers a lot in rendering its decision. Thus, the question is whether the case establishes a likelihood of specific errors overwhelming the jury.
>
>   But, in that context, the analysis will always be subjective, even if the standard is supposedly "objective," as the standard is impossible to truly meet. "Objective" is really a matter of *degree*. A weighing of the arguments. In these Objections, Mr. Anaya disagrees with Magistrate Judge Burke's weighing of the issues, which is not surprising as Mr. Anaya has litigated this case with that objection remaining firm for many years. He seeks herein review by this Honorable Court with hope that his position will be deemed correct. Further analysis, as shortened from the Traverse, follows.

(Doc. No. 9 at 3530-31.) Petitioner then proceeds with about 16½ pages of argument copied verbatim from his traverse (but for, by the Court's count, six isolated paragraphs that were eliminated).

With respect to ground three, petitioner inserts an introductory paragraph reviewing the R&R's conclusion and then, as for ground one, copies his traverse verbatim.

Under the standard of review cited above, petitioner's filing (in which he expresses general disagreement with the Magistrate Judge's recommendations and then simply restates what he presented previously) does not constitute actual "objections" requiring de novo review. The Court has carefully examined the R&R and finds no error in its conclusions.

## CONCLUSION

To the extent Doc. No. 9 can even be construed as "objections," they are overruled. The Court accepts the well-reasoned R&R, the petition for writ of habeas corpus is denied, and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 28, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**